## In re COLLINS.

### (District Court, E. D. New York. April 14, 1914.)

**1. BANKRUPTCY (§ 399*)—EXEMPTIONS—SALARY.**

That a bankrupt did not show in his schedules the sum of $80 which he had handed to his wife for household expenses, or show her possession thereof assuming that some part should have been treated as assets and stated in the schedules, did not furnish grounds for denying an order permitting the payment to him of his salary against which a garnishee execution had been issued.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

**2. BANKRUPTCY (§ 399*)—EXEMPTIONS—SALARY.**

That a bankrupt, who in purchasing jewelry signed a memorandum in the form of a conditional bill of sale in which he agreed not to part with possession thereof, immediately pawned it,. was not ground for denying an order to permit him to receive his salary against which a garnishee execution was filed, where the seller received a price large enough to make the delay in payment an inducement, and investigated the bankrupt's employment in the fire department and the possibility of protecting himself from the bankrupt's salary without intending to rely upon the language of the memorandum.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

In Bankruptcy. In the matter of John J. Collins, bankrupt. On motion by the bankrupt for an order permitting payment to him of his salary. Motion granted in part.

Furst & Furst, of Brooklyn, for Meyer.

Joseph W. Gottlieb, of Brooklyn, for Eagle Diamond & Watch Co. and Ralph Greenberg.

CHATFIELD, District Judge. [1, 2] Upon the general proposition the memorandum in the Green Case, 213 Fed. 542, and the O'Gillespie Case, 209 Fed. 1003, covers the situation. The adjudication in bankruptcy has given this court jurisdiction and the claims against the fund are invalid except possibly under the garnishee execution. The creditor Meyer urges especially that the bankrupt is not entitled to equitable relief in that he signed a memorandum in form that of a conditional bill of sale and in which he agreed not to part with possession of the property.

There is some evidence which would indicate that neither party considered it a transaction of that sort. The paper was not in fact used by the creditor as a conditional bill of sale, but, on the contrary, he is the creditor who first obtained judgment and filed a garnishee execution.

The garnishee execution will not be affected unless the bankrupt obtains his discharge. Any objection on the part of the creditor to the effects of a discharge is an objection to the enforcement of the general bankruptcy law rather than to the granting of the present motion.

But this creditor also contends that the bankrupt has concealed assets and made false statements in his schedules, in that he has re-

ported the full amount of a debt for furniture upon which the greater part of the indebtedness has been paid, and in that he did not show in his schedules the amount of about $80 which he had handed to his wife for household expenses. It appears that a payment was made from this sum of money on account of a furniture bill. The furniture was bought by the wife, but has been scheduled by the bankrupt, and he apparently considered himself liable for the balance due.

As the furniture is claimed by the wife and would be exempt in the hands of the bankrupt, a claim for the balance due may not be provable against the estate. The only objections raised are that giving this $80 to the wife for household expenses in advance of bankruptcy was a fraud upon his creditors, and that the bankrupt falsified his schedules in failing to state her possession of this amount.

Even if some part of this $80 should have been treated as assets of the bankrupt and stated in his schedules, that question would seem to have no effect upon whether his subsequent salary should be paid to him. Nor does it seem that the bankrupt should be denied the order for which he is making the present application, because he did not retain possession of the article of jewelry sold by the creditor Meyer, and which was apparently pawned immediately.

The evidence tends to show a sale on the installment plan, at a price large enough to make the delay in payment an inducement to the vendor, and his investigation as to the employment of the bankrupt in the fire department and as to the possibility of protecting himself from the bankrupt's salary would indicate that there was no intention to rely upon the language of the paper which purported to make the sale a conditional one, in which title did not pass.

It is impossible to hold that the bankrupt may obtain the discharge of the debt for property purchased, and at the same time hold that the bankrupt must give up the property or retain it in his possession so as to show his compliance with the terms of some so-called agreement which neither he nor the party selling the goods intended to enter into nor to carry out. The creditor has relinquished any right to treat the sale as one in which title remained in him (if he ever did have that right), and the time when the bankrupt first treated the property as his own seems to make no difference in considering whether the debt will be wiped out by bankruptcy.

Motion will be granted except as to salary earned before March 7th, which, less deductions and garnishee levy, will be ordered paid to the trustee or clerk.